IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN NEDBY,

              *Petitioner*,

     v.

DEREK OBERLANDER, *et al.*,

              *Respondents*.

CIVIL ACTION
NO. 19-5241

**PAPPERT, J.**                                                 **January 13, 2022**

## MEMORANDUM

Petitioner Kevin Nedby seeks habeas relief under 28 U.S.C. § 2254.  Magistrate Judge David R. Strawbridge issued a Report and Recommendation recommending denial of Nedby's petition.  Nedby filed objections to the R&R.  The Court overrules the objections, adopts the R&R and denies the petition.

I

Nedby, a drug dealer, was convicted for the murder of John Pellegrino, who was Nedby's "sometime customer and [ ] seller . . ."  *See Commonwealth v. Nedby*, No. 3442 EDA 2017, 2019 WL 1300921, at *1 (Pa. Super. Ct. Mar. 20, 2019).  Before Pellegrino was murdered, he visited Nedby to see a motorcycle that was for sale.  (*Id.*)  Thereafter, Nedby's home was burglarized and motorcycle keys were taken along with cash and drugs.  (*Id.*)  Nedby suspected Pellegrino and a friend were to blame, so he picked up Pellegrino at his house in the middle of the night and, along with Ronald Nichols and another person, drove to a secluded area.  (*Id.*)  There, Nichols pistol-whipped and fatally shot Pellegrino three times while Nedby stood by.  (*Id.*)

Nedby and Nichols were to be tried together until Nichols pled guilty to first degree murder and conspiracy before Judge Shelley Robins New in the Philadelphia County Court of Common Pleas. (*Id.*) Nedby later waived his right to a jury in exchange for withdrawal of a capital charge. (*Id.*) After a three-day bench trial before Judge New, Nedby was convicted of third-degree murder, criminal conspiracy and violation of the Uniform Firearms Act. Judge New sentenced Nedby to an aggregate term of twenty-two to forty-four years of imprisonment. *(Id.).*

Nedby filed no post-sentence motions and did not appeal. He subsequently filed a Pennsylvania Post Conviction Relief Act petition that resulted in reinstatement of his direct appeal rights. Judge New considered and denied Nedby's direct appeal *nunc pro tunc*. *See Commonwealth v. Nedby,* No. CP-51-063-2007, 2011 WL 7414782 (Pa. Ct. Comm. Pl. Apr. 14, 2011.) The Superior Court affirmed the judgment of conviction. *See Commonwealth v. Nedby*, No. 1737 EDA 2010 (Pa. Super. Ct. Jan. 18, 2012); *see also* (Resp. to Pet'n, Ex. A, ECF 10-1 (Jan. 18, 2012 opinion)).

In a second PCRA petition, Nedby argued his trial counsel was ineffective because he did not seek Judge New's recusal or adequately prepare for sentencing. Nedby also argued his appellate counsel was ineffective for waiving a challenge that the verdict was against the weight of the evidence. Judge New dismissed this second petition on September 15, 2017. *See Commonwealth v. Nedby*, No. 51-CR-063-2007 (Pa. Ct. Comm. Pl. Apr. 20, 2018). Nedby appealed, repeating his previous claims and adding a claim that Judge New violated his right to a fair trial by not recusing herself from deciding his PCRA petition. The Superior Court affirmed the dismissal of his second PCRA petition. *See Nedby*, 2019 WL 1300921, at *1 (Pa. Super. Ct. Mar. 20,

2019); *see also* (Resp. to Pet'n, Ex. B, ECF 10-2 (*Commonwealth v. Nedby*, No. 3442 EDA 2017 (Pa. Super. Ct. Mar. 20, 2019)). Nedby then filed a counseled habeas petition (ECF 1) that was referred to Judge Strawbridge for an R&R. (ECF 11.)

II

The Court may grant habeas relief only if (1) the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the" United States Supreme Court; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Moreover, habeas petitioners must exhaust state remedies before seeking relief in federal court. See 28 U.S.C. § 2254(b)(1)(A).

Judge Strawbridge recommends denying Nedby's petition, finding three of his claims are both defaulted and without merit and that two others, though properly presented to the state court, were reasonably rejected as meritless. (*Id.* at 8.) The Court "may accept, reject, or modify" Judge Strawbridge's conclusions "in whole or in part." 28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b)(3).

Nedby objects to the recommendations concerning all five of his claims. (ECF 14.) He "objects generally" to the determination that habeas relief is not warranted based on the trial court's admission of "prior bad acts" evidence related to the recovery of drugs from Nedby's house. (*Id.* at 1.) He maintains habeas relief is required because his trial and PCRA counsel were ineffective for not seeking Judge New's recusal when she was aware of his co-defendant's guilty plea and an allegedly inculpatory statement. (*Id.* at 2-7.) Nedby objects to Judge Strawbridge's determination that his trial counsel

3

was not constitutionally ineffective at sentencing when he did not rebut evidence that Nedby had a juvenile gun conviction.  (*Id.* at 7.)  Contrary to the R&R's determination, Nedby also argues the state courts erred in rejecting his claim that trial counsel was ineffective for not challenging the verdict as being against the weight of the evidence. (*Id.* at 8.)  Finally, he objects to Judge Strawbridge's finding that the Superior Court correctly applied the law in determining there was sufficient evidence to support his convictions despite his claimed "understanding" with his co-defendants "that the gun was only to be used by his co-defendant to scare the victim and nothing more."  (*Id.* at 9 (emphasis omitted).)

Nedby's objections reassert the arguments made in his habeas petition.  "*De novo* review is not required . . . when a party's objections merely rehash the claims raised before the magistrate judge."  *Stevens v. Beard*, No. 09-3930, 2012 WL 39142, at *2 (E.D. Pa. Jan. 6, 2012).  Nevertheless, the Court has reviewed the objections *de novo*, *see* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(c), and overrules them for the reasons stated in the well-reasoned R&R.[1]  *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' . . . , Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."); *Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016) ("District Courts . . . are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b).").

---

[1]     Although there was a question as to whether the Magistrate Judge had a complete and accurate state court record when making his recommendation, the Court obtained the full record and reviewed it thoroughly.  (*See* ECF 19.)

4

5

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.